UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD MARTIN,

    Petitioner,               Hon. Richard Alan Enslen

v.                                            Case No. 1:06-CV-893

WILLIE SMITH,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on <u>Respondent's Motion to Dismiss for Failure to Comply with the Statute of Limitations</u>. (Dkt. #16). In accordance with 28 U.S.C. § 636(b), the undersigned recommends that Respondent's motion be **denied**.

**BACKGROUND**

Following a jury trial, Petitioner was convicted of two counts of armed robbery. (Trial Transcript, January 9, 2004, 672-73). Petitioner was subsequently sentenced to serve 15-40 years in prison. (Sentencing Transcript, February 9, 2004, 18). Petitioner appealed his conviction to the Michigan Court of Appeals. Petitioner's appeal was denied on May 17, 2005. (Dkt. #35). Petitioner then moved in the Michigan Supreme Court for leave to appeal this determination, a request which the court denied on December 15, 2005. (Dkt. #36). Petitioner did not appeal the matter to the United States Supreme Court. Martin submitted his petition for writ of habeas corpus

to this Court on December 19, 2006. (Dkt. #1).

## ANALYSIS

Martin's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). Among other things, the AEDPA amended 28 U.S.C. § 2244 to include a one-year limitations period within which an inmate challenging a state court judgment must file his petition for writ of habeas corpus. The applicable statute of limitations provides the following:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

As noted above, Petitioner challenged his conviction on direct appeal in both the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied Petitioner relief on December 15, 2005. Because Petitioner did not appeal the matter to the United States Supreme Court, his conviction became final 90 days later on March 16, 2006. *See Bronaugh v. Ohio*, 235 F.3d 280, 282-85 (6th Cir. 2000) (the 90-day period within which review can be sought in the United States Supreme Court is calculated in § 2244(d)(1)(A)). Thus, Petitioner had until March 16, 2007, to timely file his petition for writ of habeas corpus.

Martin initiated this action on December 19, 2006. (Dkt. #1). However, because Petitioner "failed to file his petition on the requisite form," he was instructed by the Court to "submit an amended petition by filing his habeas petition on the requisite form." (Dkt. #9). Petitioner complied with the Court's Order, submitting an amended petition dated March 23, 2007. (Dkt. #11). In his amended petition, Martin asserted the very same claims that were asserted in his initial pleading. *Id.* Despite the fact that this action was initiated well before the expiration of the statute of limitations, Respondent has failed to articulate any rationale for (or identify any authority supporting) his argument that Martin's petition is untimely. Considering that Respondent bears the burden of demonstrating that Petitioner failed to comply with the statute of limitations, *see Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002), the Court finds this complete lack of effort sufficient grounds to deny Respondent's motion. Even examined on the merits, however, the Court discerns no basis for granting the relief Respondent seeks.

Martin's initial pleading was legible and clearly written. It detailed the various grounds for relief, as well as the facts in support thereof and the relief requested. *See* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. However, as noted

3

above, the Court directed Petitioner to submit an amended petition on the appropriate Court-provided form as required by Rule 2(d) of the Rules Governing Section 2254 Cases. While Respondent has not articulated any rationale in support of his motion to dismiss Martin's petition, to the extent Respondent believes that Martin's petition should be dismissed for failure to comply with Rule 2(d), the Court is not persuaded.

In 2004, Rule 2 of the Rules Governing Section 2254 Cases was amended. Prior to this amendment, Rule 2(e) authorized a court to return a petition that failed to "substantially comply with the requirements of Rule 2." *Wingfield v. Secretary*, 203 Fed. Appx. 276, 278 (11th Cir., Oct. 17, 2006). However, Rule 2(e) also "clearly contemplate[d] that a returned petition may be refiled, so long as deficiencies are corrected and the petition substantially complies with the Section 2254 Rules." *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990).

In 2004, Rule 2(e) was deleted. As the Advisory Committee Notes which accompany Rule 2 of the Section 2254 Rules reveals, Rule 2(e) was deleted because "[t]he Committee believed that the approach in Federal Rule of Civil Procedure 5(e) was more appropriate for dealing with petitions that do not conform to the form requirements of the rule." *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. Federal Rule of Civil Procedure Rule 5(e) mandates that the clerk may not refuse to accept for filing "any paper. . .solely because it is not presented in proper form."

Moreover, Rule 3 of the Rules Governing Section 2254 Cases provides that the clerk "must file the petition and enter it on the docket" even if it fails to comply with Rule 2 of the Section 2254 Rules. *See* Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts; Advisory Committee Notes to Rule 2 of the Rules Governing Section 2254 Cases in the

United States District Courts. The Advisory Committee concluded that the "better procedure" was to accept a defective petition and require the petitioner to submit a corrected petition that complied with Rule 2. *See* Advisory Committee Notes to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

This is precisely what occurred in this case. Martin's petition was accepted for filing and docketed, after which he was informed that the petition did not comply with Rule 2(d). Petitioner timely submitted an amended petition which complies with Rule 2(d). The claims asserted by Martin in his amended petition are the exact same claims which he presented in his initial pleading. Thus, this is not a circumstance in which Petitioner is attempting to improperly amend his petition to assert, only after the statute of limitations has expired, claims which were not asserted in his initial pleading. *See Mayle v. Felix*, 545 U.S. 644 (2005).

Accordingly, the Court concludes that Martin's petition for writ of habeas corpus was filed on December 19, 2006, well before the expiration of the relevant statute of limitations. Respondent offers neither argument nor authority to the contrary. The Court recommends, therefore, that Respondent's motion to dismiss be **denied** for the reasons articulated herein.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that Martin timely filed his petition for writ of habeas corpus. Accordingly, the undersigned recommends that <u>Respondent's Motion to Dismiss for Failure to Comply with the Statute of Limitations</u>, (dkt. #16), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure

to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                            Respectfully submitted,

Date:  July 3, 2008                           /s/ Ellen S. Carmody
                                            ELLEN S. CARMODY
                                            United States Magistrate Judge